**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000562
28-AUG-2019
09:14 AM**

NO. CAAP-18-0000562

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I,
Plaintiff-Appellant,
v.
LISA LYNNE BARBOUR aka LISA LYNNE MCCAFFREY,
Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1PC161000537)


MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Plaintiff-Appellant State of Hawai'i (State) appeals from the "Order of Dismissal and Discharge" (Order of Dismissal), filed June 15, 2018, and the corresponding "Findings of Facts, Conclusions of Law and Order Dismissing Charge with Prejudice for Violation of [Hawai'i Rules of Penal Procedure (HRPP)] Rule 48, Violation of Speedy Trial and Want of Prosecution" (FOF/COL), filed July 16, 2018, in the Circuit Court of the First Circuit (circuit court).[1]

On appeal, the State contends that the circuit court erred in granting Defendant-Appellee Lisa L. Barbour's (Barbour) motion to dismiss because the circuit court failed to exclude:

---

[1] The Honorable Christine E. Kuriyama originally presided over this matter. On April 18, 2018, the matter was transferred to the Honorable Karen T. Nakasone.

(1) the period of time between the date Barbour was arrested under a bench warrant issued after she failed to appear for trial and her reset trial date; and (2) the period of delay caused by Barbour's first counsel filing a motion for withdrawal and substitution of counsel, and the subsequent appointment of second counsel. The State further argues that the circuit court erred in dismissing the case with prejudice because a significant portion of the delay in the commencement of trial was caused by Barbour herself and Barbour would not suffer any prejudice from a reprosecution. The State specifically challenges the circuit court's Findings of Facts (FOFs) 7 and 8, and Conclusions of Law (COLs) 2 and 5.

## I. BACKGROUND

On April 3, 2016, Barbour was arrested for unauthorized entry in a dwelling. On April 6, 2016, the State filed a Felony Information charging Barbour with Unauthorized Entry in a Dwelling in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 708-812.6 (2014).[2]

On April 11, 2016, Barbour, with counsel from the Office of the Public Defender, appeared in the circuit court via video from Oahu Community Correctional Center (OCCC) for arraignment and plea. Barbour received a copy of the Felony Information, waived reading of the charge, and entered a not guilty plea. The circuit court set jury trial for the week of June 13, 2016.

On May 31, 2016, at a hearing for a pretrial conference and trial call, Barbour requested that trial call be moved to June 7, 2016. With no objection from the State, the circuit

---

[2]     HRS § 708-812.6 provides, in relevant part:

    §708-812.6 Unauthorized entry in a dwelling in the second degree. (1) A person commits the offense of unauthorized entry in a dwelling in the second degree if the person intentionally or knowingly enters unlawfully into a dwelling and another person was lawfully present in the dwelling.

court continued trial call to June 7, 2016.

On June 7, 2016, the circuit court granted Barbour's motion for supervised release.  Barbour's counsel requested a continuance of the trial.  The State indicated that it was ready to proceed with trial and objected to the continuance.  Over the State's objection, the circuit court continued the jury trial to the week of August 22, 2016, with trial call scheduled for August 9, 2016.  Barbour waived her rights under HRPP Rule 48 and her constitutional rights to a speedy trial for the time period from June 7, 2016 to August 22, 2016.

On June 20, 2016, the State filed a "Motion for Revocation of Supervised Release; Issuance of Bench Warrant" based on Barbour's violations of the terms of her supervised release.  The circuit court issued a bench warrant for Barbour's arrest on the same day.

At trial call on August 9, 2016, Barbour did not appear and Barbour's counsel indicated that he did not know Barbour's whereabouts.  The circuit court vacated the jury trial for the week of August 22, 2016, and let the June 20, 2016 bench warrant for Barbour's arrest stand.

On February 5, 2018, Barbour was arrested and served with the June 20, 2016 bench warrant.

On February 12, 2018, with Barbour present in the courtroom, the circuit court granted the State's motion to revoke supervised release.  The circuit court also reset the trial week to July 16, 2018, with trial call on July 2, 2018, explaining as follows:

> THE COURT: (Inaudible).
> The next available trial week the Court has, based on the Court's busy trial schedule and other (inaudible) issues, is the week of July 16, 2018.
> Counsel, as you know, this Court handles all of the misdemeanor --
>
> [DEFENSE COUNSEL]: No.  I hear you.
>
> THE COURT: -- jury demand cases on the island.  We now have more felony cases assigned to us than misdemeanor cases.  We have the PD seminar week (inaudible).  So the

3

Court is not available for trial.

So the next available trial week -- and this is going to be your trial week -- this will be for July 16, 2018. Trial call is on Monday, July 2, 2018, at 8:30 A.M. The pretrial motions deadline is June (inaudible), 2018.

In response to the scheduled trial date, the parties discussed HRPP Rule 48 as follows:

[PROSECUTOR]: Your Honor, the time from now to Rule 48 should be excluded under -- I'm sorry -- I believe Rule 48(c)(5). I might be off. But, essentially, as a result of the defendant's nonappearance at the last trial call.

[DEFENSE COUNSEL]: And, Your Honor, I would ask that you reserve ruling. At some point I think this is an issue of court congestion that it's so far out. I would understand, if it was just a couple months from now, that that would be charged to the defendant. But --

THE COURT: But it's not an extraordinary circumstance, [defense counsel].

[DEFENSE COUNSEL]: Exactly. So --

THE COURT: This is the nature of this --

[DEFENSE COUNSEL]: -- if it's normal court congestion, I'm saying that should be charged to the government. I don't --

[PROSECUTOR]: I believe congestion is meant that on that week of trial, there are other cases going, not the scheduling (indiscernible). And it's still a result, no matter what, of her nonappearance.

[DEFENSE COUNSEL]: And I'm saying if the Court set this ten years out and the State took that position --

THE COURT: That would be --

[DEFENSE COUNSEL]: -- that would be absurd.

THE COURT: -- extraordinary.

[DEFENSE COUNSEL]: Yeah -- no, no. I mean --

THE COURT: But this is in normal course. All right. So you're asking --

[DEFENSE COUNSEL]: And -- and I guess I just disagree as to that, Your Honor.

THE COURT: What -- what period (indiscernible), [defense counsel]?

[DEFENSE COUNSEL]: At least -- at least two months, from -- from May to July. And then I could argue that later.

THE COURT: From May till July?

4

[PROSECUTOR]: (Indiscernible). That's what I ask.

[DEFENSE COUNSEL]: Because I -- I -- because normally I would argue that normal --

THE COURT: Okay.

[DEFENSE COUNSEL]: -- course would be about two and a half --

THE COURT: I'm not going to rule on Rule 48.

[DEFENSE COUNSEL]: Thank you.

THE COURT: If this becomes an issue, you brief it, and then I'll rule.

On February 21, 2018, Barbour's counsel moved to withdraw as counsel and to appoint substitute counsel. On March 6, 2018, the circuit court orally granted the motion. On March 7, 2018, the circuit court issued an order appointing Brandon K. Flores (second counsel) as Barbour's substitute counsel. At a status hearing on March 19, 2018, with Barbour represented by second counsel, the circuit court reconfirmed that trial week was scheduled for July 16, 2018, with trial call on July 2, 2018.

On April 18, 2018, the case was transferred from the Honorable Christine E. Kuriyama to the Honorable Karen T. Nakasone.

On May 21, 2018, second counsel filed a motion to withdraw as counsel and to appoint substitute counsel. On May 29, 2018, the circuit court granted the motion. On May 30, 2018, the circuit court issued an order appointing Harrison L. Kiehm as Barbour's substitute counsel (present counsel).

On June 1, 2018, the State filed "State's Memorandum on Hawaii Rules of Penal Procedure Rule 48 Calculation as of June 1, 2018."

On June 4, 2018, the circuit court held a status conference regarding the HRPP Rule 48 computation. The circuit court verbally ruled that the period of time from August 22, 2016 (the prior trial date), to February 5, 2018 (the date Barbour was arrested under the bench warrant), was charged to the defense due

to Barbour's bench warrant status. The circuit court reserved ruling on the period of time after February 5, 2018, noting that the parties dispute the computation. With no objection from either party, the circuit court advanced the trial week to June 25, 2018, with trial call scheduled for June 12, 2018.

At trial call on June 12, 2018, the State requested a continuance of the proceedings, explaining that subpoenas had been sent out but it had not heard back from all. Barbour indicated her intent to file a motion to dismiss. Trial call and the hearing on Barbour's motion to dismiss were continued to June 15, 2018.

On June 13, 2018, Barbour filed her "Motion to Dismiss Charge for Violation of HRPP Rule 48, Motion to Dismiss Charge for Violation of Speedy Trial and Motion to Dismiss Charge for Want of Prosecution" (Motion to Dismiss). Barbour submitted the following calculations and argued that the six-month period under HRPP Rule 48 expired on June 9, 2018:

|  | State | Defendant |
|---|---|---|
| 04/03/2016 - 06/07/2016 | 65 |  |
| 06/07/2016 - 08/09/2016 |  | 63 |
| 08/09/2016 - 02/05/2018 |  | 545 |
| 02/05/2018 - 05/21/2018 | 105 |  |
| 05/21/2018 - 05/30/2018 |  | 9 |
| 05/30/2018 - 06/09/2018 | 10 |  |
| Total Days: | 180 | 617 |

On June 15, 2018, the circuit court held a hearing on Barbour's Motion to Dismiss. The circuit court adopted Barbour's computations and granted Barbour's Motion to Dismiss, dismissing the case with prejudice pursuant to the three-factor test set forth in State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981). The circuit court filed its Order of Dismissal later that same day. On July 16, 2018, the circuit court filed its FOF/COL. The FOF/COL stated:

6

FINDINGS OF FACT

1. On April 3, 2016, Defendant was arrested and bail set.

2. Defendant was formally charged with the offense of Unauthorized Entry in a Dwelling in the Second Degree by Felony Information, filed April 6, 2016.

3. On June 1, 2018, the State filed State's Memorandum on Hawaii Rules of Penal Procedure Rule 48 Calculation as of June 1, 2018 ("State's Memorandum").

4. On June 13, 2018, Defendant filed a Motion to Dismiss Charge for Violation of HRPP Rule 48; Motion to Dismiss Charge for Violation of Speedy Trial; and Motion to Dismiss Charge for Want of Prosecution ("Defendant's Motions").

5. In State's Memorandum, the State claimed that as of June 1, 2018, HRPP Rule 48 will not ripen until November 15, 2018.

6. In Defendant's Motions, the Defendant claimed that a total of 797 days elapsed from the date of Defendant's arrest to June 9, 2018.

7. After subtracting 180 days pursuant to HRPP Rule 48, the balance of days exceeding the six-month trial requirement of HRPP Rule 48 is 617 days of which the Court finds excludable.[3]

8. Accordingly, the Court adopts Defendant's calculations and finds that as of June 9, 2018, 180 nonexcludable days elapsed. Therefore, no trial had commenced within six-months.

CONCLUSIONS OF LAW

1. HRPP Rule 48 requires dismissal of a criminal charge upon motion by a defendant if trial does not commence within six-months of arrest if bail is set.

2. As of June 9, 2018, the six-month trial requirement of HRPP Rule 48 ripened; therefore, HRPP Rule 48 requires dismissal of the charge.

3. The test for deciding whether a dismissal should be with, or without prejudice, under HRPP Rule 48 was articulated by the Hawaii Supreme Court in State v. Estencion, 63 Haw. 254 (1981).

4. In determining if a charge should be dismissed with, or without prejudice, the Court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances which led to the dismissal; and the impact of re-prosecution on the administration of justice.

5. Based on the factors set forth in State v. Estencion, 63 Haw. 254 (1981), and upon review of the records and files, and the evidence and arguments presented at the hearing, the dismissal of the charge is with prejudice.

The State timely appealed.

---

[3]     In making FOF 7, the circuit court did not adequately explain what periods of delay were excluded and on what bases they were excluded.

## II. STANDARDS OF REVIEW

> A trial court's findings of fact (FOFs) in deciding an HRPP 48(b) motion to dismiss are subject to the clearly erroneous standard of review. An FOF is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction that a mistake has been committed. However, whether those facts fall within HRPP 48(b)'s exclusionary provisions is a question of law, the determination of which is freely reviewable pursuant to the "right/wrong" test.

State v. Choy Foo, 142 Hawai'i 65, 72, 414 P.3d 117, 124 (2018) (quoting State v. Samonte, 83 Hawai'i 507, 514, 928 P.2d 1, 8 (1996)).

Whether a dismissal should be with or without prejudice is a matter that lies within the discretion of the trial court. HRPP Rule 48(b) ("[T]he court shall, on motion of the defendant, dismiss the charge, with or without prejudice *in its discretion* . . . ." (emphasis added)). We review a trial court's decision to dismiss a case with or without prejudice for abuse of discretion. See Estencion, 63 Haw. at 269, 625 P.2d at 1044. "An abuse of discretion occurs when the decisionmaker 'exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party.'" State v. Kony, 138 Hawai'i 1, 8, 375 P.3d 1239, 1246 (2016) (quoting State v. Vliet, 95 Hawai'i 94, 108, 19 P.3d 42, 56 (2001)).

## III. DISCUSSION

HRPP Rule 48(b) mandates the dismissal of criminal charges if a trial on those charges is not commenced within six months, construed as one hundred eighty days, from the time of the arrest or of filing of charges, whichever is sooner. Section (c) of HRPP Rule 48 provides eight categories of delay that are to be excluded in computing the six-month time period within which trial must commence.

"HRPP [Rule] 48 is intended not only to ensure speedy trial for criminal defendants, but also to relieve congestion in the trial court, to promptly process all cases reaching the courts, and to advance the efficiency of the criminal justice

process." State v. Hoey, 77 Hawaiʻi 17, 29, 881 P.2d 504, 516 (1994) (internal citations, quotation marks, and original brackets omitted).

## A. The circuit court erred in failing to exclude the period of delay between February 21, 2018, through March 7, 2018.

We first address the State's argument that the time period between February 21, 2018 (the date Barbour's first counsel filed a motion to withdraw as counsel), to March 7, 2018 (the date subsequent counsel was appointed), should be excluded for purposes of computing the six-month time period for HRPP Rule 48. Under HRPP Rule 48(c)(1), "periods that delay the commencement of trial and are caused by collateral or other proceedings concerning the defendant" are excluded. HRPP Rule 48(d)(1)[4] provides further guidance as to the application of HRPP Rule 48(c)(1) and identifies certain periods of time that are per se excludable or per se includable in computing the time for trial commencement. HRPP Rule 48(d)(1) provides that the time period from the filing through the prompt disposition of a motion "for withdrawal of counsel including the time period for appointment of new counsel if so ordered" shall be deemed to be a "period[] of delay resulting from collateral or other proceedings concerning the defendant" under HRPP Rule 48(c)(1), and is per se excludable.

Accordingly, pursuant to HRPP Rule 48(d)(1), the time

---

[4]     HRPP Rule 48(d)(1) provides:

For purposes of subsection (c)(1) of this rule, the period of time, from the filing through the prompt disposition of the following motions filed by a defendant, shall be deemed to be periods of delay resulting from collateral or other proceedings concerning the defendant: motions to dismiss, to suppress, for voluntariness hearing heard before trial, to sever counts or defendants, for disqualification of the prosecutor, for withdrawal of counsel including the time period for appointment of new counsel if so ordered, for mental examination, to continue trial, for transfer to the circuit court, for remand from the circuit court, for change of venue, to secure the attendance of a witness by a material witness order, and to secure the attendance of a witness from without the state.

period between February 21, 2018, and March 7, 2018, is *per se* excludable and the circuit court erred in failing to exclude this time period in its HRPP Rule 48 computations.[5]

**B.    The six-month period under HRPP Rule 48 had not elapsed as of the date Barbour filed her Motion to Dismiss.**

As of June 13, 2018, the date that Barbour filed her Motion to Dismiss, a total of 801 days had elapsed from the date of Barbour's initial arrest on April 3, 2016.  Both parties concede that as of February 5, 2018, 65 days were attributable to the State and 608 days were attributable to Barbour and excludable.  As we discussed *supra*, the 14-day period of delay between February 21, 2018, and March 7, 2018, should have been excluded for the withdrawal of Barbour's first counsel and appointment of Barbour's second counsel, pursuant to HRPP Rule 48(d)(1).  Similarly, the 9-day period of delay between May 21, 2018, and May 30, 2018, was properly excluded for the withdrawal of Barbour's second counsel and appointment of Barbour's present counsel.  Even if the remaining time periods following February 5, 2018, were charged to the State, 170 non-excludable days would have elapsed and the six-month period under HRPP Rule 48 would not have expired as of the date Barbour filed her Motion to Dismiss.  Thus, the circuit court erred in granting Barbour's Motion to Dismiss and we remand this matter for further proceedings.[6]

**C.    The record is insufficient for this court to determine whether the circuit court erred in failing to exclude the rest of the period following February 5, 2018.**

The State argues that the time period after Barbour's arrest on February 5, 2018, and until the start of trial should

---

[5]    Our holding is consistent with the circuit court's proper exclusion of the time period between May 21, 2018, and May 30, 2018, for the withdrawal and substitution of Barbour's second counsel, which we do not disturb on appeal.

[6]    In light of our conclusion that the circuit court erred in dismissing the case, we need not address the State's point of error contending that it was error for the circuit court to dismiss the case with prejudice.

be excluded under HRPP Rule 48(c)(5)[7] because the delay was ultimately caused by Barbour's unavailability at trial call on August 9, 2016, and during her bench warrant.

Barbour responds that once she was arrested and taken into custody on February 5, 2018, she was not "absent" or "unavailable" and any delay in scheduling the trial after this date should be attributable to the State. Barbour also contends that the State's argument would lead to "the absurd result that the State can sit idle and a new trial week can be rescheduled after any amount of time [after a bench warrant issued due to the defendant's prior absence or unavailability is served] without regard to HRPP Rule 48."

The State relies on State v. Rivera, No. SCWC-11-0000774, 2014 WL 470678, at *1-2 (Haw. Feb. 6, 2014) (SDO), in supporting its contention that the entire time period between Barbour's failure to appear for trial call and her reset trial date should be excluded. In Rivera, a jury trial was scheduled for the week of October 4, 2010, with trial call on September 27, 2010. State v. Rivera, No. CAAP-11-0000774, 2012 WL 4344185, at *1 (Haw. App. Sept. 24, 2012) (SDO), vacated on other grounds, No. SCWC-11-0000774, 2014 WL 470678 (Haw. Feb. 6, 2014) (SDO). As a result of the defendant's absence at the trial call on September 27, 2010, the trial court issued a bench warrant for the defendant's arrest. Id. On October 6, 2010, the bench warrant was recalled and trial was reset to November 15, 2010. Id. The Hawai'i Supreme Court held that the defendant's unavailability at the September 27, 2010 trial call resulted in the trial court resetting the trial for the week of November 15, 2010. Rivera, 2014 WL 470678, at *2. The supreme court affirmed our decision that the period between September 27, 2010 and November 15, 2010 was excludable under HRPP Rule 48(c)(5) based

---

[7] HRPP Rule 48(c)(5) provides that "periods that delay the commencement of trial and are caused by the absence or unavailability of the defendant" are "excluded in computing the time for trial commencement[.]"

11

on the defendant's prior unavailability at the trial call.  Id.

The instant matter is factually distinct from Rivera with regard to the length of the delay in resetting trial resulting from the defendant's unavailability at a previous trial call.  In Rivera, the reset trial date was just over one month after the bench warrant was recalled.  In this case, Barbour's trial date was initially reset to July 16, 2018, over five months after Barbour was arrested under the bench warrant on February 5, 2018.  The circuit court explained that July 16, 2018, was the next available trial week due to the court's "busy trial schedule[.]"  However, the record does not provide further explanation as to the factual circumstances surrounding the circuit court's decision to reset trial to such a late date.[8]

To allow a jury trial to be held an unreasonably extended period of time after a defendant is arrested under a bench warrant issued because of a prior unavailability would subvert the purposes of HRPP Rule 48 to provide a defendant with a speedy trial.  We therefore reject the State's request to automatically exclude the entire period of time following Barbour's arrest on February 5, 2018, to the rescheduled trial dates, based on HRPP Rule 48(c)(5).

However, we agree that a reasonable portion of the delay in commencing trial is attributable to Barbour. Accordingly, we direct the circuit court, upon remand, to determine what period of delay following Barbour's arrest is reasonably attributable to Barbour due to her prior unavailability and to exclude the period from Rule 48

---

[8]    It appears that, after the transfer of this case from the Honorable Christine E. Kuriyama to the Honorable Karen T. Nakasone, the circuit court recognized that the July 16, 2018 trial week potentially created an HRPP Rule 48 issue and therefore advanced the trial week to June 25, 2018.  Nonetheless, the reset trial date was still about 4½ months after Barbour had been arrested on February 5, 2018.

calculations.[9]

## IV. CONCLUSION

For the foregoing reasons, we vacate the "Order of Dismissal and Discharge," filed June 15, 2018, and the corresponding "Findings of Facts, Conclusions of Law and Order Dismissing Charge with Prejudice for Violation of HRPP Rule 48, Violation of Speedy Trial and Want of Prosecution," filed July 16, 2018. We remand this case to the Circuit Court of the First Circuit for further proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, August 28, 2019.

On the briefs:

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Harrison L. Kiehm,
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[9] To the extent the circuit court excludes periods of time due to court congestion, it must explain the "exceptional circumstances" to which the congestion is attributable. HRPP Rule 48(c)(2); State v. Abregano, 136 Hawai'i 489, 500 n.8, 363 P.3d 838, 849 n.8 (2015).